Anthony J. Viola
Andre K. Cizmarik
EDWARDS ANGELL PALMER & DODGE LLP
Attorneys for Plaintiff
750 Lexington Avenue
New York, NY 10022
(212) 308-4411

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------- X
Quality King DISTRIBUTORS, INC.,

                Plaintiff,

  -against-

WYETH,

                Defendant.
------------------------------------- X

Case No. 09 CV 2288 (SJF) (AKT)

**REPLY TO COUNTERCLAIMS**

ECF Case

Plaintiff Quality King Distributors, Inc. ("Quality King") by and through its attorneys, Edwards Angell Palmer & Dodge LLP, by way of its Reply to Wyeth's ("Wyeth") Answer and Counterclaims, states as follows upon personal knowledge as to its own acts and otherwise upon information and belief:

## REPLY

53. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 53 of the Counterclaims.

54. Denies the allegations of paragraph 54 of the Counterclaims, except admits that Quality King is a New York corporation with its principal place of business in Bellport, New York and that Quality King is a wholesaler of various products.

55. Paragraph 55 of the Counterclaims asserts conclusions of law to which no response is required and refers the Court to the referenced document for its contents. To the

extent that a response is required, Quality King denies the allegations of paragraph 55 of the Counterclaims.

56.     Paragraph 56 of the Counterclaims asserts conclusions of law to which no response is required and refers the Court to the referenced document for its contents. To the extent that a response is required, Quality King denies the allegations of paragraph 56 of the Counterclaims.

57.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 57 of the Counterclaims.

58.     Denies the allegations of paragraph 58 of the Counterclaims.

59.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 59 of the Counterclaims.

60.     Admits the allegations of paragraph 60 of the Counterclaims.

61.     Denies the allegations of paragraph 61 of the Counterclaims.

62.     Denies the allegations of paragraph 62 of the Counterclaims.

63.     Denies the allegations of paragraph 63 of the Counterclaims.

64.     Denies the allegations of paragraph 64 of the Counterclaims.

65.     Denies the allegations of paragraph 65 of the Counterclaims.

66.     Denies the allegations of paragraph 66 of the Counterclaims.

### FIRST CAUSE OF ACTION
### (Breach of Contract)

67.     Quality King's responses to the preceding paragraphs are realleged and incorporated by reference as if set forth in full.

68.     Denies the allegations of paragraph 68 of the Counterclaims.

69.     Denies the allegations of paragraph 69 of the Counterclaims.

70. Denies the allegations of paragraph 70 of the Counterclaims.

71. Denies the allegations of paragraph 71 of the Counterclaims.

72. Denies the allegations of paragraph 72 of the Counterclaims.

## SECOND CAUSE OF ACTION
### (Unjust Enrichment)

73. Quality King's responses to the preceding paragraphs are realleged and incorporated by reference as if set forth in full.

74. Denies the allegations of paragraph 74 of the Counterclaims.

75. Denies the allegations of paragraph 75 of the Counterclaims.

76. Denies the allegations of paragraph 76 of the Counterclaims.

77. Denies the allegations of paragraph 77 of the Counterclaims.

## FIRST AFFIRMATIVE DEFENSE

Defendant's counterclaims are barred, in whole or in part, for failure to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

To the extent that Defendant states any counterclaims for relief, such counterclaims are barred by ratification, waiver, estoppel and unclean hands.

## THIRD AFFIRMATIVE DEFENSE

Defendant's counterclaims are barred, in whole or in part, because Defendant did not provide consideration to Plaintiff, or for want or failure of consideration.

WHEREFORE, Quality King demands dismissal of Wyeth's counterclaims, together with the costs and disbursement of this action, and for such other and further relief in favor of Quality King and against Wyeth as this Court deems just and proper.

Dated: New York, New York
      October 21, 2009

 

*/s/ Andre K. Cizmarik*
Anthony J. Viola
Andre K. Cizmarik
EDWARDS ANGELL Palmer & Dodge LLP
Attorneys for Plaintiff
750 Lexington Avenue
New York, New York 10022
(212) 308-4411