# EDWARDS ANGELL PALMER & DODGE LLP

750 Lexington Avenue  New York, NY  10022  212.308.4411  *fax* 212.308.4844  eapdlaw.com

Andre K. Cizmarik
212.912.2731
*fax* 888.325.9598
acizmarik@eapdlaw.com

December 10, 2009

**VIA ECF**

Hon. Sandra J. Feuerstein
United States District Judge
United States District Court
   Eastern District of New York
100 Federal Plaza
Central Islip, New York  11722-9014

      Re:    Quality King Distributors, Inc. v. Wyeth, 09 Civ. 2288 (SJF)

Dear Judge Feuerstein:

We represent plaintiff Quality King Distributors, Inc. in the above-referenced matter.

In advance of the December 17, 2009 initial scheduling conference, the parties began the Rule 26(f) process on November 19, 2009 for purposes of, inter alia, attempting to agree upon a proposed draft scheduling order. Although no agreement as to dates was reached during that November 19 call, the parties agreed to, and thereafter did, continue the process by exchanging letters concerning their positions and proposed schedules, which are annexed hereto as **Exhibit A** (plaintiff's proposed schedule annexed to the November 30, 2009 letter from Andre K. Cizmarik to Bruce Kaplan) and **Exhibit B** (defendant Wyeth's proposed schedule annexed to the December 4, 2009 letter from Bruce Kaplan to Andre K. Cizmarik).

However, even though the Rule 26(f) process was not completed, Defendant improperly served discovery immediately after the first Rule 26(f) call, while the parties were in the very process of negotiating a discovery schedule. Moreover, in response to our letter and proposed schedule, defendant simply supplied a counter-schedule and referred to unspecified open "issues" which "can be resolved before the Court during our upcoming judicial conference of December 17, 2009, and therefore need not be addressed [in defendant's letter.]" (See Ex. B.) We believe that defendant had an obligation to raise such issues with us and confer with us in good faith about them before the December 17 hearing. Indeed, we believe it is improper for defendant to claim on the one hand that it is entitled to serve discovery early because the Rule 26(f) conference allegedly was concluded, while at the same time refusing to attempt to confer in good faith and resolve the issues prior to meeting with the Court.

# EDWARDS ANGELL PALMER & DODGE LLP

Hon. Sandra J. Feuerstein
December 10, 2009
Page 2

For the Court's convenience, the chart below summarizes both parties' proposed dates:

| Discovery Deadlines | Plaintiff's Proposed Dates | Defendant's Proposed Dates |
|---|---|---|
| Deadline for completion of initial disclosures required by Rule 26(a) | December 11, 2009 | December 11, 2009 |
| First request for production of documents and first request for interrogatories <u>for all parties</u> due by | December 18, 2009 | |
| First request for production of documents and first request for interrogatories <u>by plaintiff</u> due by | | December 18, 2009 |
| Responses <u>by all parties</u> to first request for production of documents and first request for interrogatories due by | January 29, 2010 | |
| Responses <u>by plaintiff</u> to first request for production of documents and first request for interrogatories due by | | December 21, 2009 |
| Deadline for joinder of additional parties and amendment of pleadings | March 1, 2010 | January 29, 2010 |
| All fact discovery to be completed by | August 20, 2010 | March 31, 2010 |
| Expert reports, for the party that bears the burden of proof, to be served by | September 24, 2010 | April 30, 2010 |
| Expert rebuttal reports, to be served by | October 23, 2010 | May 14, 2010 |
| Expert depositions, to be completed by | November 23, 2010 | May 31, 2010 |
| Dispositive motion process started by | December 22, 2010 | June 30, 2010 |

# EDWARDS ANGELL PALMER & DODGE LLP

Hon. Sandra J. Feuerstein
December 10, 2009
Page 3

| Discovery Deadlines | Plaintiff's Proposed Dates | Defendant's Proposed Dates |
|---|---|---|
| Joint pretrial order due by | 30 days after Dispositive Motions, if any, are decided | 30 days after Dispositive Motions, if any, are decided |

The three main points of disagreement are as follows: (i) we propose an August 20 fact discovery cut-off, while defendant proposes that fact discovery should end approximately 3 months from now; (ii) we propose one-month to serve any expert rebuttal reports and one month to conclude expert depositions whereas defendant proposes that those periods to be truncated to 2 weeks each; and (iii) defendant maintains that we should respond to its premature discovery demands by December 21, 2009, which is mere days after the December 17 conference with Your Honor.

We look forward to meeting with Your Honor on December 17, 2009.

Respectfully submitted,

*[signature]*

Andre K. Cizmarik

Attachments

cc: Bruce Kaplan (via e-mail)

NYC 338553.1

# EXHIBIT A

# EDWARDS ANGELL PALMER & DODGE LLP

750 Lexington Avenue  New York, NY 10022  212.308.4411  *fax* 212.308.4844  eapdlaw.com

Andre K. Cizmarik
212.912.2731
*fax* 888.325.9598
acizmarik@eapdlaw.com

November 30, 2009

**BY HAND DELIVERY**

Bruce S. Kaplan, Esq.
Friedman Kaplan Seiler & Adelman LLP
1633 Broadway
New York, New York  10019-6708

Re:  Quality King Distributors, Inc. v. Wyeth, 09 CV 2288 (SJF) (AKT)

Dear Mr. Kaplan:

This responds to your November 20, 2009 letter which purports to summarize what transpired during my November 19, 2009 telephone call with you and Amy Penn. As you know, no dates were agreed upon during the November 19, 2009 call, although I agreed at the end of our call to circulate proposed dates in writing for purposes of ultimately agreeing on a discovery schedule. As such, the Rule 26(f) conference is not yet completed and your attempts to serve discovery demands in violation of Rule 26(d) are hereby rejected. Thus, we are returning your premature discovery demands to you.

With regard to a proposed discovery plan, without accepting or otherwise commenting on your characterization of the dates that were discussed during our November 19 call, we propose the schedule set forth in the enclosed draft Case Management and Scheduling Order. Although we never discussed any expert discovery during our November 19, 2009 call, the enclosed schedule incorporates suggested dates for expert discovery. We welcome your comments to this proposed schedule.

Next, I agree that it is not be necessary to bifurcate discovery as between liability and damages.

Additionally, while I agreed that it would make sense for the parties to exchange a list of proposed search terms to be used in connection with searches of electronically stored information, and that the parties should mutually agree upon such searches terms before electronic searches are conducted, I did not agree that the parties should expedite electronic document discovery. Instead, we envision that electronic discovery will proceed at the same pace as hard copy discovery.

Without responding to your characterizations of how I reacted to your two proposals concerning the disclosure of the identity of in-house counsel with relevant information as well as the logging of privileged documents, we are not agreeable to either proposal. Thus, we expect that in

# EDWARDS ANGELL PALMER & DODGE LLP

Bruce S. Kaplan, Esq.
November 30, 2009
Page 2

connection with initial disclosures and/or interrogatories, both parties will identify any in-house counsel with knowledge or information relevant to any claims or defenses at suit. To the extent that some of that knowledge or information may be privileged in nature or otherwise protected from discovery, we can address any such objections at the appropriate time. Further, we expect that both parties will produce privilege logs consistent with the Federal Rules of Civil Procedure. Of course, we suggest that as to any privileged documents that were created after the date of the filing of the complaint, those documents need not be logged. Please advise if you are agreeable to this suggestion.

We believe that a protective order is necessary, and we will provide a draft for your consideration. To the extent that I mentioned a particular category of confidential information that would be subject to a protective order, such as pricing data, that was meant by way of example and was not meant to be an exhaustive list of the categories of relevant confidential data or material.

We are in agreement with your suggestion that depositions should not proceed until the conclusion of document discovery. While I agree that deposition notices can be served in advance of the close of document discovery (though only as permitted by Rule 26(d)), we are not agreeable to producing Louis Assentato as the first witness based on your proffered reasoning that Mr. Assentato is "lying" and that he should not be permitted to "get his story straight." As I stated during our November 19 telephone call, I find this accusation highly offensive and unprofessional. I also proposed that given that we could not agree on the order of depositions, and that depositions would not be proceeding in any event until after the December 17 conference, it made sense that we raise this issue before Judge Feuerstein during the December 17 conference.

While there is obvious disagreement between the parties as to whether the Rule 26(f) conference was completed so as to permit discovery to proceed immediately, my position is that the conference is not yet concluded because, for example, the parties have not yet agreed upon a discovery schedule. To be clear, at no time during the call did I state that no discovery whatsoever should proceed before the December 17 conference. Instead, as soon as a schedule is agreed upon, discovery can commence, and in any event my proposed schedule contemplates that initial disclosures would be made by December 11, which is only one week after your proposed December 3 date.

Concerning settlement, as stated, I will convey Wyeth's position to our client. However, there is no "uncontroverted debt to Wyeth" and your characterization of same is rejected.

# EDWARDS ANGELL PALMER&DODGE LLP

Bruce S. Kaplan, Esq.
November 30, 2009
Page 3

Please let me have your comments to my proposed schedule.

Sincerely,

André K. Cizmarik

Enclosures

Anthony J. Viola
Andre K. Cizmarik
EDWARDS ANGELL PALMER & DODGE LLP
Attorneys for Plaintiff
750 Lexington Avenue
New York, NY 10022
(212) 308-4411

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------- X
QUALITY KING DISTRIBUTORS, INC.,           : Case No. 09 CV 2288 (SJF) (AKT)
                      Plaintiff,           :
      -against-                            : CASE MANAGEMENT AND
                                           : SCHEDULING ORDER
WYETH,                                     :
                                           : ECF Case
                      Defendant.           :
------------------------------------- X

I.   DEADLINES AND COURT APPEARANCES

| | |
|---|---|
| Deadline for completion of initial disclosures required by Rule 26(a) | December 11, 2009 |
| First request for production of documents and first request for interrogatories due by | December 18, 2009 |
| Responses to first request for production of documents and first request for interrogatories due by | January 29, 2010 |
| Deadline for joinder of additional parties and amendment of pleadings | March 1, 2010 |
| All fact discovery to be completed by | August 20, 2010 |
| Expert reports, for the party that bears the burden of proof to be served by | September 24, 2010 |
| Expert rebuttal reports, to be served by | October 23, 2010 |
| Expert depositions, to be completed by | November 23, 2010 |
| Dispositive motion process started by | December 22, 2010 |

Joint pretrial order due by                              30 days after Dispositive
                                                         Motions, if any, are decided

Dated: Central Islip, New York
       December ___, 2009

                                   SO ORDERED:


                                   _____
                                   United States District Judge

# EXHIBIT B

## FRIEDMAN KAPLAN SEILER & ADELMAN LLP

BRUCE S. KAPLAN
EDWARD A. FRIEDMAN
GARY D. FRIEDMAN
BARRY A. ADELMAN
ERIC SEILER
ROBERT D. KAPLAN
ANDREW W. GOLDWATER
ROBERT J. LACK
GREGG S. LERNER
WILLIAM P. WEINTRAUB
RICHARD M. HOFFMAN
SCOTT M. BERMAN
GERALD ADLER
HAL NEIER
PHILIPPE ADLER
LANCE J. GOTKO
KATHERINE L. PRINGLE
MERYL S. ROSENBLATT
DANIEL B. RAPPORT
DAVID I. TANENBAUM
HALLIE B. LEVIN
ANNE E. BEAUMONT
MARY E. MULLIGAN
ANDREW W. SCHILLING
EMILY A. STUBBS
KENT K. ANKER
AMY C. BROWN
MALA AHUJA HARKER

1633 BROADWAY
NEW YORK, NY 10019-6708

TELEPHONE (212) 833-1100
FACSIMILE (212) 833-1250
WWW.FKLAW.COM

HARVEY WEISSBARD
NORMAN ALPERT
ANDREW A. QUARTNER
COUNSEL

JESSICA A. MURZYN
JEFFREY C. FOURMAUX
LISA S. GETSON
ASAF REINDEL
JOHN N. ORSINI
JEFFREY R. WANG
MYRIAM FORD
SHIRA D. WEINER
CHAD M. LEICHT
JASON C. RUBINSTEIN
MICHAEL A. GORDON
DANYA SHOCAIR REDA
ROBERT S. LANDY
RICKIE M. SONPAL
STEVEN E. FRANKEL
LILI ZANDPOUR
L. REID SKIBELL
EAMONN O'HAGAN
DANIEL R. GREENBERG
SHEELA V. PAI
AMY LURIA
DANIEL IAN MEE
JESSICA RICHMAN SMITH
KEVIN L. OBERDORFER
ELLEN LONDON
JENNIFER P. KRAKOWSKY
JORDAN I. BRACKETT
JOHN C. LIN
ANDREW S. PAK
PHILIP A. WELLNER
BETTY W. GEE
AMY K. PENN
ANDREW LEVINE
GREGORY W. FOX
RAHUL AGARWAL
CHRISTOPHER M. COLORADO

December 4, 2009

<u>BY E-MAIL AND REGULAR MAIL</u>

Andre K. Cizmarik, Esq.
Edwards Angell Palmer & Dodge LLP
750 Lexington Avenue
New York, New York 10022

   Re: *Quality King Distributors, Inc. v. Wyeth*, No. 09-CV-2288

Dear Mr. Cizmarik:

   On behalf of Wyeth, LLC, formerly known as Wyeth ("Wyeth"), I am writing in reply to your letter dated November 30, 2009, which details your response to my confirmation of events occurring during the November 19, 2009 conversation between my colleague, Amy Penn, and me with you, held on behalf of our respective clients Wyeth and Quality King Distributors, Inc. ("Quality King") in the referenced matter, pursuant to Fed. R. Civ. P. 26(f).

   We thank you for your written proposal of a case management plan and scheduling order that is condensed from the schedule originally proposed by you during our November 19 conference; however, we strongly believe that a much shorter schedule for this action is appropriate. This case rests on issues that are not complex in nature, and we anticipate that the discovery process will not be particularly burdensome for either party. As such, I am enclosing Wyeth's proposed scheduling order for your review and discussion.

   With regard to the substance of your November 30, 2009 letter, we disagree with a number of your statements. We believe, however, that many of these

FRIEDMAN KAPLAN SEILER & ADELMAN LLP

Andre K. Cizmarik     - 2 -     December 4, 2009

misstatements are issues that can be resolved before the Court during our upcoming judicial conference of December 17, 2009, and therefore need not be addressed here. I write to correct only certain of your misstatements; consequently, I do not intend that the absence of comment as to any particular issue be deemed agreement with your assertions.

Concerning your return of Wyeth's initial requests for the production of documents and notices of deposition, we deem your return to be ineffective, as such requests were properly served. Fed. R. Civ. Pr. 26(d) prohibits any party from seeking discovery before the parties have "conferred" under Fed. R. Civ. Pr. 26(d). On behalf of our respective client parties, you and we conferred on November 19, 2009; thus, Wyeth's service of discovery requests following that conference was proper. Subject to the approval of a case management plan and scheduling order by the Court, Quality King should be prepared to respond to Wyeth's discovery requests and to produce witnesses for deposition in accordance with Wyeth's requests and notices.

As I stated in my letter to you on November 20, 2009, we did not agree that depositions should be postponed until the conclusion of document discovery. Rather, Wyeth feels that the appropriate course of action in this case, given that Quality King's breach of contract claim rests entirely on events as asserted by Mr. Assentato, is that Wyeth have an opportunity to depose Mr. Assentato before any other witness is deposed. The keystone of Quality King's breach of contract claim is Mr. Assentato's contention that Wyeth or a Wyeth representative promised certain consideration to Quality King in exchange for Robitussin product then in Quality King's possession. As Wyeth has stated in its answer to Quality King's complaint in this action, Wyeth denies Mr. Assentato's contention as it is stated in the complaint. Such denial necessarily raises issues involving the accuracy of recollection and credibility. However, I would like to stress that I did not accuse Mr. Assentato of "lying." We understand your client's position that it will not agree to the priority of Mr. Assentato's deposition, and we agree that the appropriate course of action is to defer to the decision of the Court on this matter.

Finally, we find unsatisfactory your assertion that "there is no 'uncontroverted debt to Wyeth'" without providing any explanation for Quality King's position. Wyeth sold and delivered certain pharmaceutical products to Quality King at Quality King's request, and Wyeth has received no notification that the requested goods were not received or were somehow defective. In fact, Quality King has retained the requested goods delivered by Wyeth, has made partial payment on the invoices for such goods, but has improperly refused to pay $1,313,545.20 that it unquestionably owes to Wyeth. Such "self help" is unjustified. As Quality King has offered no principled defense to Wyeth's counterclaim for recovery on the goods sold and delivered to Quality King, we ask for clarification of your statement on this matter.

We look forward to receiving your comments on our proposed scheduling order so that we may promptly submit to the Court the discovery plan required by Fed. R. Civ. Pr. 26(f). We also are available to discuss with you any of the issues that you feel

812735.2

FRIEDMAN KAPLAN SEILER & ADELMAN LLP

Andre K. Cizmarik          - 3 -          December 4, 2009

should be the subject of further conversation before our December 17, 2009 conference with the Court.

Very truly yours,

Bruce S. Kaplan

Enclosure

cc:    Anthony J. Viola, Esq.

      Amy Penn, Esq.

812735.2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

QUALITY KING DISTRIBUTORS, INC.,

         Plaintiff,  Case No. 09 CV 2288 (SJF) (AKT)

    - against -      **CASE MANAGEMENT PLAN**
               **AND SCHEDULING ORDER**
WYETH,

               ECF Case

         Defendant.
-----------------------------------------------------------
WYETH,

         Counterclaimant,

    - against --

QUALITY KING DISTRIBUTORS, INC.,

        Counterclaim Defendant.
-----------------------------------------------------------x

    WHEREAS, counsel for the parties attended a scheduling conference with the Court on December 17, 2009, and

    NOW, THEREFORE, the parties shall be prepared to proceed with trial by June 30, 2010. The following shall be the discovery schedule:

## I.  DEADLINES AND COURT APPEARANCES

| | |
|---|---|
| December 11, 2009 | The day by which parties must make initial disclosures under Fed. R. Civ. P. 26(a) |
| December 18, 2009 | The day by which Plaintiff/Counterclaim Defendant must serve initial requests for the production of documents and both parties must serve initial interrogatories under Fed. R. Civ. P. 26(b), 33, and 34 |

812336.2

| | |
|---|---|
| December 21, 2009 | The day by which Plaintiff/Counterclaim Defendant must respond to Defendant/Counterclaimant's First Set of Requests for Production of Documents |
| January 29, 2010 | The outside date by which additional parties may be joined and all amendments to the pleadings must be made |
| March 31, 2010 | The day by which all fact discovery must be completed |
| April 30, 2010 | The day by which expert reports, if any, must be served |
| May 14, 2010 | The day by which rebuttal expert reports, if any, must be served |
| May 31, 2010 | The day by which expert depositions, if any, must be completed |
| June 30, 2010 | The day by which dispositive motions, if any, must be filed |
| 30 days after dispositive motions, if any, are decided | The day by which the joint pre-trial order is due |

Dated: Central Islip, New York
       December ___, 2009

                                          **SO ORDERED:**


                                          _____
                                          United States District Judge

2

812336.2