# EDWARDS ANGELL PALMER & DODGE LLP

750 Lexington Avenue   New York, NY 10022   212.308.4411   *fax* 212.308.4844   eapdlaw.com

Andre K. Cizmarik
212.912.2731
*fax* 888.325.9598
acizmarik@eapdlaw.com

February 23, 2010

**VIA ECF**

Judge A. Kathleen Tomlinson
Magistrate Judge
United States District Court
for the Eastern District of New York
100 Federal Plaza, Courtroom 910
Central Islip, New York  11722-9014

    Re:    Quality King Distributors, Inc. v. Wyeth, 09 Civ. 2288 (SJF)

Dear Judge Tomlinson:

We represent plaintiff Quality King Distributors, Inc. ("QKD") and write in response to the February 18, 2010 letter motion of Bruce S. Kaplan (counsel for defendant Wyeth).

Mr. Kaplan's letter concerns two issues: (i) the appropriate form of confidentiality agreement and protective order; and (ii) the timing of QKD's document production. We address each in turn below.

Form of Confidentiality Agreement

Expecting that QKD's production might include, inter alia, proprietary pricing and customer/supplier information, I raised the issue of a protective order during our scheduling conference with Your Honor on December 17, 2009. Your Honor indicated that the parties should consult on an appropriate form of proposed order. One week later, on December 23, I sent Wyeth's counsel a draft protective order via e-mail. (Attached hereto as **Exhibit A** is a copy of my December 23, 2009 e-mail to Amy Penn and Bruce Kaplan together with a copy of the draft protective order.) That draft protective order was virtually identical to a protective order that Your Honor approved in RxUSA Wholesale, Inc. v. McKesson Corporation, No. 06 CV 4343 (Docket No. 21) which, similar to this case, involves a dispute between wholesalers of pharmaceutical products and which implicates pricing data and customer/supplier information. When Wyeth's counsel responded on January 7, 2010, however, they did not supply substantive comments to my proposed draft. Instead, Wyeth merely submitted its own draft which apparently has been used in the Commercial Division in the New York State courts. (Annexed hereto as **Exhibit B** is a copy of Bruce Kaplan's January 7, 2010 e-mail to me attaching his proposed order.) One of the main differences between QKD's and Wyeth's draft protective orders is that QKD's proposal includes 3-levels of confidentiality ("confidential,"

# Edwards Angell Palmer & Dodge LLP

Judge A. Kathleen Tomlinson
February 23, 2010
Page 2

"attorneys eyes only" and "outside attorneys eyes only") whereas Wyeth's draft only has one level of protection, i.e., "confidential." As such, we deem Wyeth's draft to be inadequate because it permits Wyeth's business people to access QKD's pricing information as well as QKD's supplier and customer information. Given that QKD and Wyeth are competitors in that they sometimes sell to the same retail customers such as chain pharmacies, it would put QKD at a competitive disadvantage if Wyeth's business people had access to this data. Moreover, given that this lawsuit concerns the returns by QKD to Wyeth of Robitussin cough syrup because of Wyeth's "urgent" "drug recall," there is no reason why any Wyeth representative, other than its inside and outside counsel, would need to know QKD's pricing information or the identity of QKD's customers.

During a January 22, 2010 meet and confer, Mr. Kaplan refused to consider any confidentiality agreement that had more than one level of confidentiality protection. In an effort to compromise, I informed him that QKD would be willing to dispense with the highest level of protection ("outside attorneys eyes only") and would be agreeable to a protective order with two levels – "confidential" and "attorneys eyes only." As evidenced by Wyeth's motion, Wyeth has rejected the compromise proposal for a two-tiered protective order. Consistent with my compromise approach, I have revised QKD's original proposed protective order (**Exhibit A**) and eliminated the "outside attorney eyes only" category. That revised draft protective order is annexed as **Exhibit C** hereto for your consideration.

Timing of QKD's Document Production

Wyeth next complains that QKD has failed to timely produce documents. That is false.

Pursuant to Your Honor's December 17, 2009 Case Management and Scheduling Order, QKD's deadline to respond to Wyeth's document demands was January 29, 2010 (Docket No. 17) and the deadline to produce documents is not until March 4, 2010. (See Docket No. 16, ¶3.) It is undisputed that QKD timely filed its written objections and responses by January 29, 2010. At the same time, QKD has been diligently reviewing its hard-copy files and conducting various electronic word searches as had been agreed to by the parties and so ordered by Your Honor on January 25, 2010. Obviously, the March 4 deadline has not yet arrived. Thus, the notion that we are wrongfully withholding documents is simply untrue.

While Mr. Kaplan points out that I represented to the Court that I would not withhold confidential documents prior to the execution of a confidentiality agreement, he neglects to point out that my representation was specifically based on the "caveat that [Wyeth's counsel] not disclose them to anybody pending the execution of the protective order." (December 17, 2009 Tr. at 25:17-22.) However, the caveat has not been fulfilled. To the contrary, Wyeth's counsel has given no assurances that he would safeguard the confidentiality of these documents and not

# EDWARDS ANGELL PALMER & DODGE LLP

Judge A. Kathleen Tomlinson
February 23, 2010
Page 3

show them to Wyeth's business people pending the execution of a suitable protective order. Indeed, Mr. Kaplan has consistently insisted during our meet and confer calls that QKD's documents are not entitled to <u>any</u> confidentiality protection whatsoever. In any event, and as already discussed, QKD has not withheld any documents, because it has not yet completed its review and the deadline for such production is not yet upon us.

In conclusion, we respectfully request that Your Honor "So Order" the form of Protective Order that is annexed as **Exhibit C** and otherwise deny Wyeth's motion for a protective order.

Respectfully submitted,

Andre K. Cizmarik

Enclosures

cc: Bruce Kaplan (via ECF)

NYC 343259.1